UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CURT ENDRES, <br><br> Plaintiff, <br><br> v. <br><br> HORNER, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-142-PPS-AZ |

OPINION AND ORDER

Curt Endres, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Endres alleges his Pod at the LaPorte County Jail was on lockdown on January 7-8, 2025. At around 6:00 PM, he "press[ed] the button to be moved" because he was not getting along with his cellmate. ECF 1 at 2. As he was leaving the cell, he was punched in the face and kicked in the foot by another inmate. Endres claims this inmate was able

to move freely around the pod because "some of the cells did not lock." *Id*. It took the correctional officers five minutes to open the Pod door to remove Endres after the incident. He claims his foot was fractured during the scuffle, and all he was given was Ibuprofen "when it should have [been] a cast." He believes the cells with broken locks should not have been used. He has sued "Pod CO in S-7 Horner?" and the "Inmate who hit me in S-7 (name withheld)" for monetary damages and injunctive relief in the form of "more training for officers." *Id*. at 1, 3.

There are several problems with Endres's complaint. First, he has sued the inmate who hit him. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). The "Inmate who hit me in S-7" is a private individual, and Endres has not alleged any facts to suggest I should consider him a state actor.[1] Accordingly, he will be dismissed from this lawsuit.

As to the correctional officers, he has named "Pod CO in S-7 Horner?" in the caption, but he doesn't mention this defendant anywhere in the body of his complaint. He notes there were five correctional officers on the Pod that day whose names have

---

[1] Nor has he suggested that diversity jurisdiction applies. *See* 28 U.S.C. § 1332.

been withheld from him, but he doesn't attempt to describe them in any way in order to identify them. The problem with this approach is that Endres has not explained what actions the officers took (or didn't take) other than being present at the jail and opening the door to the Pod five minutes after the altercation. Without more, I'm unable to determine whether any of those officers are potentially liable to him under the Constitution. Liability under 42 U.S.C. § 1983 is personal, which means that the individual wrongdoer must be identified and can be held accountable only for their own actions. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

Moreover, even if he had identified the defendants, his allegations about them are too vague to state any sort of claim. Endres is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cnty. of Lake*, 900 F.3d 335 (7th Cir. 2018). "Incarcerated people have a clearly established right to be free from physical harm inflicted by others in the institution." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 494 (7th Cir. 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.")). The Seventh Circuit has extended the Fourteenth Amendment's objective unreasonableness test found in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) to failure to protect claims. *See id.* at 495 (citing *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019)). Specifically, a pretrial detainee states a failure to protect claim when he alleges:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, *even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved*—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 496 (emphasis added by 7th Cir.) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). As to the second element, the Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). The third element "requires only that the defendant's conduct be objectively unreasonable." *Kemp*, 27 F.4th at 497. Negligence on the part of a defendant is not enough; instead, they "must intend to carry out a certain course of actions." *Id.* Overall, reasonableness "must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

Here, Endres alleges some of the doors in his Pod are broken which allows inmates to leave their cells. He was attacked by one such inmate after he asked and was permitted to leave his own cell. He doesn't plausibly suggest, however, that Officer Horner or the unnamed officers made any sort of intentional decision related to the condition of the doors (*i.e.*, that they were in charge of assigning inmates to certain cells or were responsible for their maintenance), nor does he allege there was any sort of history of violence related to the broken doors generally or directed towards Endres

4

specifically. *See e.g., Echols v. Johnson*, 105 F.4th 973, 980 (7th Cir. 2024), *reh'g denied*, No. 22-3230, 2024 WL 3992502 (7th Cir. Aug. 29, 2024) (finding there was no evidence to suggest the defendants "should have been on notice of an imminent violent altercation" between two detainees); *see also Kemp*, 27 F.4th at 496 ("[A] pretrial detainee does not need to show that an officer *with all the information about a potential health or safety risk* actually did put the puzzle pieces together.") (emphasis added). At most, based on Endres's vague allegations, I might conclude that there may have been some negligent conduct related to the broken doors, but negligence isn't enough to state a claim. *Id.* at 497.

To the extent Endres alleges he was harmed by the five-minute delay in opening the Pod door to "get [him] out," he doesn't provide sufficient details about the sudden altercation itself or what happened afterwards to demonstrate any of the officers were objectively unreasonable in their actions or inaction. In other words, Endres has not alleged sufficient factual information to plausibly suggest a reasonable officer presented with the same circumstances would have appreciated the "high degree of risk involved" in responding the way they did. *Kemp*, 27 F.4th at 496; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original)).

Finally, although Endres briefly mentions his broken foot, I can't discern any plausible claims related to it. A pretrial detainee is entitled to constitutionally adequate

5

medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Id.*

Endres indicates he was given painkillers for his foot, but he complains that it wasn't placed in a cast. He doesn't explain what the officers did following the incident, when (or whether) he was taken to medical, what happened there, or who, specifically, denied him medical care. It's not reasonable to infer that the correctional officers—rather than the jail's medical staff—were responsible for setting and treating his broken foot. In any event, based on the sparse facts presented, I can't conclude that Officer Horner or any of the other officers acted in an objectively unreasonable manner regarding Endres's injury. *See Burks*, 555 F.3d at 596 ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."); *see also Swanson*, 614 F.3d at 403.

This complaint does not state a claim for which relief can be granted. If Endres believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

6

library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Accordingly:

(1) Curt Endres is GRANTED until **March 20, 2025**, to file an amended complaint; and

(2) Curt Endres is CAUTIONED if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: February 14, 2025.

      /s/ Philip P. Simon
      PHILIP P. SIMON, JUDGE
      UNITED STATES DISTRICT COURT